# EXHIBIT A

**Form of Bidding Procedures Order**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | _____ X | |
| | : | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **MAGIC BRANDS, LLC, *et al.*,** | : | **Case No. 10-11310 (BLS)** |
| | : | |
| **Debtors.** | : | **(Joint Administration Requested)** |
| | : | |
| _____ X | : | Re: Docket No. ___ |

## ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, (II) APPROVING CERTAIN BIDDING PROTECTIONS, (III) APPROVING THE FORM AND MANNER OF NOTICE OF THE SALE AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (IV) SCHEDULING AN AUCTION AND SALE HEARING

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking, pursuant to sections 105, 363, 365 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 2002, 6004, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), orders (I) approving bidding procedures for the sale of assets free and clear of all liens, claims, interests and encumbrances pursuant to section 363 of the Bankruptcy Code, (II) approving certain bidding protections, (III) approving the form and manner of notice of the sale and assumption and assignment of executory contracts and unexpired leases, (IV) scheduling an auction and sale hearing and (V) approving such sale; and any objections to entry of an order approving the bidding procedures, the bidding protections and form and manner of notice of sale and scheduling an auction and sale hearing having been resolved, withdrawn or overruled; and it

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed such terms in the Motion.

appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. §157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other or further notice need be given; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest;

NOW THEREFORE IT IS HEREBY FOUND, CONCLUDED AND DETERMINED THAT:

A.     Notice of the hearing on the Bidding Procedures, the Motion and the Bidding Procedures was provided to all necessary parties in interest and is otherwise adequate and appropriate in the circumstances.

B.     In the exercise of their business judgment, the Debtors have determined that the best method for maximizing the return to their creditors is, among other things, through a sale of substantially all of the Debtors' assets and the assumption and assignment of certain executory contracts and unexpired leases of the Company.

C.     In the exercise of their business judgment, the Debtors have agreed to sell certain of their assets as set forth in the Asset Purchase Agreement (the "Assets") to the Stalking Horse Bidder pursuant to the Asset Purchase Agreement, a copy of which is attached to the Motion, subject to higher and better offers.

D.     The Asset Purchase Agreement and its terms were negotiated by the Debtors and the Stalking Horse Bidder in good faith and at arm's length.

E.     The Debtors will maximize the sale price of the Assets by seeking competitive bidders and holding an auction sale thereof (the "Auction") in accordance with the Bidding Procedures attached hereto as Exhibit 1.

2

F. The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Assets and are in the best interests of the Debtors, their estates, creditors and other parties in interest.

G. The Debtors have demonstrated a compelling and sound business justification for the authorization to pay the Break-Up Fee and Expense Reimbursement under the terms and conditions set forth in the Asset Purchase Agreement.

H. The Debtors' granting of the Break-Up Fee and Expense Reimbursement to the Stalking Horse Bidder is (i) an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of section 503(b) of the Bankruptcy Code, (ii) of substantial benefit to the Debtors' estates, and (iii) fair, reasonable and appropriate in light of, among other things, (a) the size and nature of the proposed sale of the Assets, (b) the substantial efforts that have been expended by the Stalking Horse Bidder and (c) the benefits the Stalking Horse Bidder has provided to the Debtors' estates and creditors and all parties-in-interest herein.

I. All other findings made by the Court during the Sale Procedures Hearing are incorporated herein by reference.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The Bidding Procedures attached hereto as <u>Exhibit 1</u> are hereby approved, and the terms of the Bidding Procedures are incorporated by reference as if fully set forth herein. The Debtors are hereby authorized to obtain the highest and best bids for the Assets in accordance with the Bidding Procedures. The failure to specifically include or reference any particular provision, section or article of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such Bidding Procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

RLF1 3563192v 1

2. The Sale Notice substantially in the form attached hereto as Exhibit 2, is hereby approved. The Debtors shall serve, by first-class mail within three (3) business days after the entry of this Order, a copy of this Order, the Motion and the Sale Notice on (a) the United States Trustee; (b) counsel to Wells Fargo Capital Finance, Inc. (the "Prepetition Agent"); (c) counsel to the Official Committee of Unsecured Creditors (the "Committee"); (d) all other parties on the Master Service List established in these cases; (e) those government agencies required to receive notice of proceedings under the Bankruptcy Rules; (f) all counterparties to the executory contracts and unexpired leases; (g) all parties who are known to the Debtors to have liens on the Assets; (h) all federal, state and local tax and environmental authorities applicable to the Debtors and their assets and properties; and (i) all parties who provided written indications of interest or signed confidentiality agreements prior to the commencement of these chapter 11 case. Such service is hereby deemed to be sufficient notice of the sale of the Assets under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. A notice of the Sale shall also be published in THE WALL STREET JOURNAL, National Edition.

3. Any person seeking to submit a Competing Offer (as defined in the Bidding Procedures) for the Assets shall comply with the Bidding Procedures and shall submit such Competing Offer by facsimile and email to (i) Goulston & Storrs, P.C., 400 Atlantic Avenue, Boston, Massachusetts 02110 (Attn: Douglas B. Rosner, Esq. (drosner@goulstonstorrs.com; fax: (617) 574-7627) and Christine D. Lynch, Esq. (clynch@goulstonstorrs.com); fax: (617) 574-7540)); (ii) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq. (defranceschi@rlf.com); fax: (302) 498-7816)), (iii) FocalPoint Securities, LLC, 11150 Santa Monica Blvd., Suite 1550, Los Angeles, California 90025 (Attn: Alexander W. Stevenson (astevenson@focalpointllc.com; fax: (310) 405-7077));

4

(iv) counsel to the Committee, [                    ]; and (v) counsel to the Prepetition Agent, Paul, Hastings, Janofsky & Walker LLP, 600 Peachtree Street, N.E., Twenty-Fourth Floor, Atlanta, GA 30308 (Attn: Jesse H. Austin, III, Esq. (jessaustin@paulhastings.com; fax: (404) 685-5208)) and Duane Morris LLP, 1100 North Market Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Richard W. Riley, Esq (RWRiley@duanemorris.com; fax: (302) 397-0801)) (collectively, the "Notice Parties") no later than _____ p.m. (Eastern Time), on _____, 2010 (the "Bid Deadline").

4.    If a Qualified Bid (as defined in the Bidding Procedures) is received by the Debtors, the Auction will be conducted on _____, 2010, at _____ a.m. (Eastern Time) at Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801. If no Qualified Bids other than the bid by the Stalking Horse Bidder are received prior to the Bid Deadline, then, at the discretion of the Debtors, the Auction will be cancelled. The Stalking Horse Bidder is deemed to be a Qualified Bidder (as defined in the Bidding Procedures).

5.    Each Qualified Bidder participating in the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

6.    A hearing to consider approval of the results of the Auction, or, if no Auction is held, the sale of the Assets to the Stalking Horse Bidder (the "Sale Hearing") will be held in the United States Bankruptcy Court for the District of Delaware, Courtroom ___, 824 North Market Street, 3rd Floor, Wilmington, Delaware (the "Court") on _____, 2010 at _____ a.m. (Eastern Time). In the event there are no other Qualifying Bids, the Debtors shall accept the Stalking Horse Bidder's bid pursuant to the Asset Purchase Agreement.

7.    In accordance with Section 7.4 of the Asset Purchase Agreement, if (a) the Court approves a Competing Transaction (as defined in the Asset Purchase Agreement) and (b) the

Debtors consummate such Competing Transaction, then the Debtors shall pay to the Stalking Horse Bidder 3.5% of the cash portion of the purchase price for the Assets set forth in <u>Section 3.1(a)</u> of the Asset Purchase Agreement as a combined break-up fee and expense reimbursement (the "<u>Break-up Fee and Expense Reimbursement</u>"), provided that the Stalking Horse Bidder is not then in default under the Asset Purchase Agreement. If applicable, the Debtors shall pay the Break-Up Fee and Expense Reimbursement to the Stalking Horse Bidder immediately upon the consummation of the Competing Transaction.

8.     Except as otherwise provided herein, any objection to the Motion shall be filed with the Court and served upon the Notice Parties, counsel to the Stalking Horse Bidder, Michelson Law Group, 150 Spear Street, Suite 1600, San Francisco, CA 941058 (Attn: Randy Michelson, Esq.) and DLA Piper LLC (US), 204 North LaSalle Street, Suite 1900, Chicago, IL 60601 (Attn: Richard J. Morey, Esq.), and the Office of the United States Trustee for the District of Delaware so as to be received not later than _____ p.m. (Eastern Time), on _____, 2010 (the "<u>Objection Deadline</u>"). An objection shall set forth with particularity the grounds for such objection or other statements of position.

9.     The Assumption and Assignment Notice substantially in the form attached hereto as <u>Exhibit 3</u>, is hereby approved.

10.     As soon as practicable after entry of this Order, but no later than _____, 2010, the Debtors shall file a schedule of cure obligations (the "<u>Cure Schedule</u>") for all potential Assumed Executory Contracts (as defined in the Asset Purchase Agreement), which will include a description of the Assumed Executory Contract and set forth the cure cost (the "<u>Cure Cost</u>") the Debtors believe is owed under each such Assumed Executory Contract. The Debtors will serve the Assumption and Assignment Notice, together with the Cure Schedule, on each of the

6

non-debtor parties listed on the Cure Schedule on the date that the Cure Schedule is filed with the Court.

11.     Information concerning the Stalking Horse Bidder's ability to comply with the requirements of adequate assurance of future performance under section 365(f)(2)(B) of the Bankruptcy Code will be provided to the non-debtor parties to the Assumed Executory Contracts upon written request to the Debtors' counsel and upon execution of a mutually acceptable confidentiality agreement. In the event that Auction results in a Successful Bidder other than the Stalking Horse Bidder, information concerning the Successful Bidder's ability to comply with the requirements of adequate assurance of future performance under section 365(f)(2)(B) of the Bankruptcy Code no later than one day after conclusion of the Auction.

12.     Any objection to the assumption and assignment of an Assumed Executory Contract (including, but not limited to, any objection relating to adequate assurance of future performance or to the Cure Costs set forth on the Cure Schedule) shall be filed with the Court not later than the Objection Deadline and served on the Notice Parties, counsel to the Stalking Horse Bidder, Michelson Law Group, 150 Spear Street, Suite 1600, San Francisco, CA 941058 (Attn: Randy Michelson, Esq.) and DLA Piper LLC (US), 204 North LaSalle Street, Suite 1900, Chicago, IL 60601 (Attn: Richard J. Morey, Esq.), and the Office of the United States Trustee for the District of Delaware so as to be actually received not later than the Objection Deadline; provided, however, that in the event that Auction results in a Successful Bidder other than the Stalking Horse Bidder, objections to the assignment of the Assumed Executory Contracts to such Successful Bidder on the basis of adequate assurance of future performance may be filed and served on or before the date of the Sale Hearing. An objection shall set forth with particularity the grounds for such objection or other statements of position, including, if applicable, the cure

cost the objector asserts to be due, any pecuniary losses and the specific types and dates of alleged defaults

13.     If a non-debtor party to an Assumed Executory Contract fails to object to the Cure Notice in a timely manner and timely serve such objection, such party shall be forever barred from (i) contesting the assumption and assignment of such Assumed Executory Contract, (ii) asserting or claiming against the Debtors or the Successful Bidder that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assumed Executory Contracts, or that there is any objection or defense to the assumption and assignment of such Assumed Executory Contracts, and (iii) disputing or otherwise asserting any cure cost other than as set forth in the Cure Notice, and the payment of the Cure Cost set forth in the Cure Notice shall be deemed to satisfy fully and completely the requirements of cure and compensation requisite to the Company's assumption and assignment of such Assumed Executory Contract.

14.     If a non-debtor party to an Assumed Executory Contract files an objection to the proposed assumption and assignment, including an objection disputing the proposed Cure Cost, then to the extent that the parties are unable to consensually resolve the objection prior to the Sale Hearing, such objection will be determined at the Sale Hearing.

15.     This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

16.     This Order shall constitute findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

17.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions

of this Order shall be immediately effective and enforceable upon its entry.

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____ _____, 2010
       Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

RLF1 3563192v 1

# EXHIBIT 1

**Bidding Procedures**

# BIDDING PROCEDURES

On April 21, 2010, Magic Brands, LLC and its debtor affiliates, (collectively, the "Debtors"), filed a motion (the "Motion") for orders (I) approving bidding procedures for the sale of assets free and clear of all liens, claims and encumbrances pursuant to section 363 of the Bankruptcy Code, (II) approving certain bidding protections, (III) approving the form and manner of notice of the sale and assumption and assignment of executory contracts and unexpired leases, (IV) scheduling an auction and sale hearing and (V) approving such sale. The Debtors have agreed to sell substantially all of their assets to the Stalking Horse Bidder pursuant to the terms of a certain asset purchase and sale agreement dated as of April 21, 2010 (the "Asset Purchase Agreement"),[1] subject to Bankruptcy Court approval and subject to higher and better offers. Copies of the Asset Purchase Agreement are available for free by (i) sending a written request to the Debtors' claims and noticing agent, Kurtzman Carson Consultants ("KCC"), 2335 Alaska Avenue, El Segundo, CA 90245, (ii) calling KCC at (877) 499-4519, or (iii) by accessing KCC's website at www.kccllc.net/Fuddruckers.

The following procedures (the "Bidding Procedures") shall govern the auction process by which the Debtors will accept and consider higher and better offers for the Purchased Assets (as defined in the Asset Purchase Agreement). Nothing in these Bidding Procedures shall constitute the consent of the Prepetition Agent or the Committee (both as defined below) to any bid:

1.  Any party desiring to become a prospective bidder for the Purchased Assets ("Prospective Bidder") shall deliver to the Debtors, unless previously delivered, a signed confidentiality agreement in form and substance satisfactory to the Debtors ("Confidentiality Agreement").

2.  After a Prospective Bidder delivers the Confidentiality Agreement, the Debtors shall deliver or make available (unless previously delivered or made available) to each such Prospective Bidder certain designated information and financial data with respect to the Purchased Assets.

3.  Any party that submits a bid for the Purchased Assets (a "Competing Offer") which the Debtors, in consultation with Wells Fargo Capital Finance, Inc. (the "Prepetition Agent"), determine to be compliance with the relevant provisions of paragraph 4 below shall be designated as a "Qualified Bidder." The Stalking Horse Bidder shall be deemed to be a Qualified Bidder. The Prepetition Agent shall also be deemed to be a Qualified Bidder pursuant to its right to credit bid in accordance with section 363(k) of the Bankruptcy Code.

4.  To be considered, each Competing Offer (excluding any credit bid submitted by the Prepetition Agent) shall:

    (a) be in writing and delivered by facsimile and email to (i) Goulston & Storrs, P.C., 400 Atlantic Avenue, Boston, Massachusetts 02110 (Attn: Douglas B. Rosner, Esq. (drosner@goulstonstorrs.com; fax: (617) 574-7627) and Christine D.

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Asset Purchase Agreement.

Lynch, Esq. (clynch@goulstonstorrs.com; fax: (617) 574-7540)); (ii) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq. (defranceschi@rlf.com; fax: (302) 498-7816)), (iii) FocalPoint Securities, LLC, 11150 Santa Monica Blvd., Suite 1550, Los Angeles, California 90025 (Attn: Alexander W. Stevenson (astevenson@focalpointllc.com; fax: (310) 405-7077)); (iv) counsel to the Official Committee of Unsecured Creditors (the "Committee"), [          ]; and (v) counsel to the Prepetition Agent, Paul, Hastings, Janofsky & Walker LLP, 600 Peachtree Street, N.E., Twenty-Fourth Floor, Atlanta, GA 30308 (Attn: Jesse H. Austin, III, Esq. (jessaustin@paulhastings.com; fax: (404) 685-5208)) and Duane Morris LLP, 1100 North Market Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Richard W. Riley, Esq (RWRiley@duanemorris.com; fax: (302) 397-0801)) **no later than 5:00 p.m. (Eastern Time) on June ____, 2010** (the "Bid Deadline");

(b) at a minimum, exceed the sum of (i) the cash portion of the Purchase Price set forth in Section 3.1(a) of the Asset Purchase Agreement, plus (ii) the Break-Up Fee and Expense Reimbursement (as defined in the Asset Purchase Agreement), plus (iii) $250,000, for a total of $41,650,000 (if the Debtor is able to assign certain leases subject to a certain Master Lease with Spirit Master Funding, LLC (the "Spirit Locations")) or $32,335,000 (if the Debtor is unable to assign the Spirit Locations) (the "Minimum Overbid Amount");

(c) be accompanied by a signed asset purchase agreement in the form of the Asset Purchase Agreement, together with a marked copy showing all changes to the Asset Purchase Agreement, which changes shall not be less favorable to the Debtors and their estates in any material respect;

(d) not be subject to, or conditioned on, any contingency or condition (other than entry of an order approving the sale), including without limitation, the outcome of unperformed due diligence by the bidder or upon any financing contingency;

(e) be irrevocable until the earlier to occur of (i) the Closing Date, or (ii) for sixty (60) days following entry of the Sale Order;

(f) be submitted with a cash deposit equal to 10% of the purchase price offered in the Competing Offer (the "Deposit") in the form of a wire transfer or a certified check made payable to the Debtors and sent to the Debtors' counsel, which Deposit shall be non-refundable if the Bankruptcy Court approves the sale of the Debtors' assets to such Qualified Bidder;

(g) be substantially on the same or better terms and conditions as set forth in the Asset Purchase Agreement; and

(h) be submitted with evidence substantially equivalent to that provided by the Purchaser establishing to the satisfaction of the Debtors, in consultation with the Prepetition Agent, that such Prospective Bidder or an entity that has executed a

written guarantee of such Prospective Bidder's Bid has readily available funds sufficient to enable it to timely consummate its Competing Offer and provide all non-debtor parties to those executory contracts and unexpired leases to be assumed and assigned with adequate assurance of future performance as contemplated by section 365 of the Bankruptcy Code.

5. Competing Offers that the Debtors, in consultation with the Prepetition Agent, determine satisfy the provisions set forth in paragraph 4 above shall be deemed "Qualified Bids." A Qualified Bid will be valued by the Debtors based upon any and all factors that the Debtors deem pertinent, including, among others, (a) the amount of the Qualified Bid, (b) the risks and timing associated with consummating a transaction with the Qualified Bidder, (c) any excluded assets or executory contracts or leases, and (d) any other factors that the Debtors may deem relevant to the sale in consultation with the Prepetition Agent

6. If the Debtors do not receive any Qualified Bids (other than the bid of the Stalking Horse Bidder), the Debtors will report the same to the Bankruptcy Court, and the Debtors shall proceed to seek court approval of the Asset Purchase Agreement with the Stalking Horse Bidder.

7. In the event that one or more Qualified Bid (excluding the bid of the Stalking Horse Bidder) is received, an auction (the "Auction") will be conducted at the offices of Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801 **on June ___, 2010, beginning at 9:00 a.m. (Eastern Time)** or such later time or other place as the Debtors shall notify all Qualified Bidders. Only representatives of the Stalking Horse Bidder, Qualified Bidders, the Debtors, the Committee, the Prepetition Agent and the United States Trustee for the District of Delaware will be entitled to attend the Auction. Only the Stalking Horse Bidder and Qualified Bidders will be entitled to make bids at the Auction. At the Auction, bidding will commence at the amount of the aggregate consideration for the Purchased Assets and on the terms proposed in the Qualified Bid that the Debtors select as the highest and best offer prior to the Auction, and each subsequent bid shall be in increments of no less than $250,000. Bidding at the Auction will continue until such time as the highest and best offer is determined by the Debtors in consultation with the Prepetition Agent (the "Successful Bid") (the party submitting such Successful Bid being designated the "Successful Bidder"). The Debtors, after consultation with the Prepetition Agent and the Committee, may announce at the Auction additional rules or procedures for conducting the Auction so long as such rules are not inconsistent with these Bidding Procedures.

8. The Debtors reserve the right, after consultation with their professionals and the Prepetition Agent, to (i) determine, at their discretion, which bid, if any, is the highest and best offer, taking into consideration, inter alia, that the Break-Up Fee and Expense Reimbursement would be payable if a party other than the Stalking Horse Bidder is the Successful Bidder, (ii) reject any bid that the Debtors deem to be inadequate, insufficient or otherwise unsatisfactory, (iii) change the location of the Auction, and/or (iv) adjourn the Auction by announcing such adjournment at the Auction. The Debtors' presentation to the Bankruptcy Court for approval of the selected bid as the Successful Bid does not constitute the Debtors' acceptance of such bid. The Debtors will have accepted a

Qualified Bid only when such Qualified Bid has been approved by the Bankruptcy Court at the Sale Hearing.

9. All bidders shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and to have waived any right to a jury trial in connection with any disputes relating to the Auction and the sale of the Purchased Assets.

10. If, for any reason, the Successful Bidder fails to close on the purchase of the Purchased Assets (and assuming that the conditions to closing have been satisfied), then: (i) the Successful Bidder shall forfeit the Deposit and be subject to such other rights and remedies as the Debtors may have for such failure; (ii) the Qualified Bidder who, as of the conclusion of the Auction, has made the second and the next highest and best bid (as determined by the Debtors in consultation with the Prepetition Agent) automatically will be deemed to have submitted the highest and best bid without further order of the Bankruptcy Court (such bidder, the "Alternate Bidder"); and (iii) the Alternate Bidder will be required to proceed as the purchaser at closing and its bid will be treated as the Successful Bid without further order of the Bankruptcy Court.

# EXHIBIT 2

**Sale Notice**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

————————————————————————————x
                                              :
**In re:**                                    :        **Chapter 11**
                                              :
**MAGIC BRANDS, LLC, *et al.*,**              :        **Case No. 10-11310 (BLS)**
                                              :
                                              :        **(Joint Administration Requested)**
                        **Debtors.**          :
                                              :
————————————————————————————x

### NOTICE OF SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTORS AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

TO CREDITORS AND PARTIES IN INTEREST:

PLEASE TAKE NOTICE, that, pursuant to 11 U.S.C. §§ 105, 363, 365 and 503 and Rules 2002, 4001, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure, Magic Brands, LLC and its debtor affiliates, as above-captioned debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), intend to sell substantially all of their assets and assume and assign certain executory contracts and leases as further described in this notice.

The Debtors have entered into an Asset Purchase Agreement ("Asset Purchase Agreement") with Tavistock Ventures, Inc. (the "Proposed Buyer"), under which the Proposed Buyer has agreed to purchase substantially all of the Debtors' assets as more particularly described in the Asset Purchase Agreement (the "Assets"). On April ___, 2010, the Debtors filed their Motion (the "Motion")[1] for Orders: (I) Approving Bidding Procedures for the Sale of Assets Free and Clear of all Liens, Claims, Interests and Encumbrances Pursuant to Section 363 of the Bankruptcy Code, (II) Approving Certain Bidding Protections, (III) Approving the Form and Manner of Notice of the Sale and Assumption and Assignment of Executory Contracts and Unexpired Leases, (IV) Scheduling an Auction and Sale Hearing and (V) Approving Such Sale. Pursuant to the Motion, the Debtors are seeking authority to sell the Assets to the Proposed Buyer or a higher and better bidder and authority to assume and assign certain executory contract and unexpired leases in connection therewith.

The Debtors are soliciting higher and better offers by means of an auction (discussed below), which shall be governed by the terms of the Bidding Procedures attached as <u>Exhibit A</u> to this notice (the "Bidding Procedures"). The Bidding Procedures

---

[1] All capitalized terms not otherwise defined herein shall have the meaning assigned to such terms in the Motion, the Asset Purchase Agreement, which is attached to the Motion as Exhibit B, or Bidding Procedures, as the case may be.

have been approved by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") by order dated _____, 2010.

Copies of the Motion and the Asset Purchase Agreement are available for free by (i) sending a written request to the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC ("KCC") at 2335 Alaska Avenue, El Segundo, California, (ii) calling KCC at (877) 499-4519 or (iii) by accessing KCC's website at www.kccllc.net/magicbrands. The Debtors have filed a schedule of cure amounts (the "Cure Schedule") for executory contracts and unexpired leases that may be assumed and assigned to the Proposed Buyer in connection with the sale. A copy of the Cure Schedule, together with a notice of proposed assumption and assignment of executory contracts and unexpired leases, is being served on each of the non-debtor parties listed on the Cure Schedule.

OBJECTIONS, if any, to final approval of the sale to the Proposed Buyer, including objections to the assumption and assignment of any executory contract or unexpired lease identified in the Cure Schedule (including but not limited to, objections relating to adequate assurance of future performance of the Proposed Buyer or to the cure amounts set forth on the Cure Schedule), must be in writing, state the basis of such objection with specificity and be filed with the Bankruptcy Court and served upon (i) proposed counsel to the Debtors, Goulston & Storrs, P.C., 400 Atlantic Avenue, Boston, Massachusetts 02110 (Attn: Douglas B. Rosner, Esq. (drosner@goulstonstorrs.com; fax: (617) 574-7627) and Christine D. Lynch, Esq. (clynch@goulstonstorrs.com); fax: (617) 574-7540)), and Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq. (defranceschi@rlf.com); fax: (302) 498-7816)); (ii) counsel to the Proposed Buyer, [insert]; (iii) counsel to the Official Committee of Unsecured Creditors (the "Committee"), [insert]; (iv) counsel to Wells Fargo Capital Finance, Inc. (the "Prepetition Agent"), Paul Hastings, Janofsky & Walker LLP, 600 Peachtree Street, N.E., Twenty-Fourth Floor, Atlanta, GA 30308 (Attn: Jesse H. Austin, III, Esq. (jessaustin@paulhastings.com; fax: (404) 685-5208)) and Duane Morris LLP, 1100 North Market Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Richard W. Riley, Esq. (RWRiley@duanemorris.com; fax: (302) 397-0801)); and (v) counsel to the Proposed Buyer, Michelson Law Group, 150 Spear Street, Suite 1600, San Francisco, CA 941058 (Attn: Randy Michelson, Esq. (randy.michelson@michelsonlawgroup.com; fax:    )) and DLA Piper LLC (US), 204 North LaSalle Street, Suite 1900, Chicago, IL 60601 (Attn: Richard J. Morey, Esq. (richard.morey@dlapiper.com; fax:    ); and (vi) the Office of the United States Trustee for the District of Delaware so as to be received not later than __ p.m. (Eastern Time), on [DATE] (the "Objection Deadline").

Through this notice, HIGHER AND BETTER OFFERS TO PURCHASE THE ASSETS ARE HEREBY SOLICITED subject to the terms and conditions of the Bidding Procedures. If a Qualified Bid (as defined in the Bidding Procedures) is timely received, the Debtors will hold an auction ("Auction") at the offices of Richards Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 on [DATE], beginning at [insert] (Eastern Time). Only representatives of the Proposed Buyer,

Qualified Bidders, the Debtors, the Committee and the Prepetition Agent will be permitted to attend the Auction and only the Proposed Bidder and Qualified Bidders will be permitted to participate in and make subsequent bids at the Auction. If no Qualified Bids, other than the bid by the Proposed Buyer, are received, the Debtors shall proceed to seek Bankruptcy Court approval of the Asset Purchase Agreement with the Proposed Buyer.

A HEARING on the Motion seeking approval of the sale of the Assets (the "Sale Hearing") is scheduled to take place at ____ a.m. (Eastern Time) on [DATE] at the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 before the Honorable Brendan Shannon, United States Bankruptcy Judge.

Dated: April __, 2010               Respectfully submitted,
       Wilmington, Delaware

_____
Daniel J. DeFranceschi (DE No. 2732)
Julie A. Finocchiaro (DE No. 5303)
Drew G. Sloan (DE No. 5069)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Douglas B. Rosner (MA BBO# 559963)
Christine D. Lynch (MA BBO#640361)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333
Tel:   (617) 482-1776
Fax:   (617) 574-4112

*Proposed Counsel for Debtors and Debtors in Possession*

# EXHIBIT 3

**Assumption and Assignment Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
                                        :
In re:                                  :
                                        :
MAGIC BRANDS, LLC, et al.,              :
                                        :
                                        :
                Debtors.¹               :
                                        :
-------------------------------------------------------x
```

Chapter 11

Case No. 10-11310 (BLS)

(Joint Administration Requested)

## NOTICE OF PROPOSED ASSUMPTION AND ASSINMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND SCHEDULE OF PROPOSED CURE COSTS

**PLEASE TAKE NOTICE** that on April 21, 2010, Magic Brands, LLC and its debtor affiliates as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") a motion (the "Sale Motion") to sell substantially all of the Debtors' assets (the "Assets") to Tavistock Ventures, Inc. (the "Proposed Buyer") pursuant to the terms and conditions of that certain Asset Purchase Agreement dated April 21, 2010 between the Debtors and Proposed Buyer (the "Asset Purchase Agreement"), subject to higher and better offers.

**PLEASE TAKE FURTHER NOTICE** that on April ___, 2010, the Bankruptcy Court entered that certain *Order (I) Approving Bidding Procedures for the Sale of Assets Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to Section 363 of the Bankruptcy Code, (II) Approving Certain Bidding Protections, (III) Approving the Form and Manner of Notice of the Sale and Assumption and Assignment of Executory Contracts and Unexpired Leases and (iv) Scheduling an Auction and Sale Hearing* (the "Bidding Procedures Order"). Pursuant to the Bidding Procedures Order, the Bankruptcy Court has authorized the Debtors to conduct an auction to sell the Assets to the Proposed Buyer or such higher and better bidder pursuant to certain court-approved bidding procedures.

**PLEASE TAKE FURTHER NOTICE** that in connection with the proposed sale of the Assets, the Debtors may assume and assign to the Proposed Buyer certain executory contracts and unexpired leases (individually, a "Contract" and, collectively, the "Contracts").² Attached as

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Magic Brands, LLC ("Magic") (8989); Fuddruckers, Inc. ("Fuddruckers") (8267), Atlantic Restaurant Ventures, Inc ("Atlantic") (9769), King Cannon, Inc ("King Cannon") (8671), and KCI, LLC ("KCI") (9281). The address for all of the Debtors is 5700 Mopac Expressway, Suite C300, Austin, Texas 78749.

² Use of the terms "executory" or "lease" shall not be binding on the Debtors and shall not be deemed to be a determination that an Executory Contract is either "executory" or a "lease" within the meaning of section 365 of the Bankruptcy Code

Exhibit A hereto (the "Cure Schedule") is a list of Contracts that the Debtors may assume, assign and sell to the Proposed Buyer and the corresponding amount (the "Cure Cost") that the Debtors believe is owing under each Contract. **If you received this notice and you are a party to an executory contract or unexpired lease with the Debtors, you should review the attached Exhibit A which lists alphabetically the names of the Contract counterparty.**

**PLEASE TAKE FURTHER NOTICE** that information concerning the Proposed Buyer's ability to perform under the Contract as contemplated by section 365(f)(2)(B) of the Bankruptcy Code will be provided upon reasonable request in writing to the undersigned proposed counsel to the Debtors and upon the execution of a mutually acceptable confidentiality agreement. The Debtors believe that the Proposed Buyer will have the financial ability to meet all future obligations under the Contracts.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Bidding Procedures Order, objections, if any, to the Cure Cost under a Contract or to the assumption and assignment of an Contract to the Proposed Buyer (including, but not limited to, objections to adequate assurance of future performance) must be in writing and filed with the Bankruptcy Court and served upon (i) proposed counsel to the Debtors, Goulston & Storrs, P.C., 400 Atlantic Avenue, Boston, Massachusetts 02110 (Attn: Douglas B. Rosner, Esq. (drosner@goulstonstorrs.com; fax: (617) 574-7627) and Christine D. Lynch, Esq. (clynch@goulstonstorrs.com); fax: (617) 574-7540) and Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq. (defranceschi@rlf.com); fax: (302) 498-7816)); (ii) counsel to Proposed Buyer, [insert]; (iii) counsel to the Committee, [insert]; (iv) counsel to the Prepetition Agent, Paul Hastings, Janofsky & Walker LLP, 600 Peachtree Street, N.E., Twenty-Fourth Floor, Atlanta, GA 30308 (Attn: Jesse H. Austin, III, Esq. (jessaustin@paulhastings.com; fax: (404) 685-5208)) and Duane Morris LLP, 1100 North Market Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Richard W. Riley, Esq. (RWRiley@duanemorris.com; fax: (302) 397-0801)), (v) counsel to the Proposed Buyer, Michelson Law Group, 150 Spear Street, Suite 1600, San Francisco, CA 941058 (Attn: Randy Michelson, Esq. (randy.michelson@michelsonlawgroup.com; fax:    )) and DLA Piper LLC (US), 204 North LaSalle Street, Suite 1900, Chicago, IL 60601 (Attn: Richard J. Morey, Esq. (richard.morey@dlapiper.com; fax:    ); and (vi) the Office of the United States Trustee for the District of Delaware (collectively, the "Interested Parties") so as to be received not later than _____ **(Eastern Time) on [DATE]** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that any objections shall set forth with particularity the grounds for such objection or other statements of position, including, if applicable, the cure amount the objector asserts to be due, any pecuniary losses, and the specific types and dates of alleged defaults and any objections concerning the Proposed Buyer's ability to adequate assurance of future performance. If a counterparty to a Contract fails to timely file and serve a proper objection on the Interested Parties as set forth above, such party shall be forever barred from (i) contesting the assumption and assignment of such Contract to the Proposed Buyer, and (ii) disputing or otherwise asserting any cure amount other than as set forth in the Cure Schedule, and the payment of the Cure Cost set forth in the Cure Schedule shall be deemed to satisfy fully and completely the requirements of cure and compensation requisite to the Debtors' assumption and assignment of such Contract.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Sale Hearing") will be held on _____ at _____ **a.m. (Eastern Time)**, before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, in Courtroom 1, Sixth Floor of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 to approve the sale of Assets and consider, among other things, any and all timely objections to the Cure Cost under a Contract or to the assumption and assignment of a Contract.

**PLEASE TAKE FURTHER NOTICE** that under certain circumstances as set forth in the Asset Purchase Agreement, the Proposed Buyer may elect not to take assignment of certain Contracts and your receipt of this notice shall not be deemed to bind the Proposed Buyer to take assignment of the Contract to which you are a party. In addition, the Debtors reserve the right to reject any Contracts which are not assumed and assigned to the Proposed Buyer.

Dated: April __, 2010
      Wilmington, Delaware

Respectfully submitted,

_____
Daniel J. DeFranceschi (DE No. 2732)
Julie A. Finocchiaro (DE No. 5303)
Drew G. Sloan (DE No. 5069)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

and-

Douglas B. Rosner (MA BBO# 559963)
Christine D. Lynch (MA BBO#640361)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333
Tel: (617) 482-1776
Fax: (617) 574-4112

*Proposed Counsel for Debtors and Debtors in Possession*

## EXHIBIT A
## CURE SCHEDULE

| Counterparty to Executory Contract or Unexpired Lease | Type of Agreement | Cure Cost |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

RLF1 3563209v 1