

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
In re: : Chapter 11
:
: Case No. 10-11310 (BLS)
MAGIC BRANDS, LLC, *et al.*, :
: (Joint Administration Requested)
:
Debtors.[1] : Re: Docket No. 10
:
-------------------------------------------------------x

## INTERIM ORDER AUTHORIZING AND APPROVING EXPEDITED PROCEDURES FOR THE SALE OF DE MINIMIS ASSETS

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtors") for entry of an order authorizing and approving expedited procedures enabling the Debtors to sell *de minimis* assets at the Debtors' closed or closing restaurant locations without further order of the Court upon limited notice to certain parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein; consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court; due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; a hearing having been held to consider the relief requested in the Motion (the "Hearing"); upon the record of the Hearing and the information set forth in the Grant Declaration; the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Magic Brands, LLC ("Magic") (8989); Fuddruckers, Inc. ("Fuddruckers") (8267), Atlantic Restaurant Ventures, Inc. ("Atlantic") (9769), King Cannon, Inc. ("King Cannon") (8671), and KCI, LLC ("KCI") (9281). The address for all of the Debtors is 5700 Mopac Expressway, Suite C300, Austin, Texas 78749.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted on an interim basis as provided herein; and it is further

ORDERED that the Debtors are authorized, but not required, under section 363(b) of the Bankruptcy Code to sell De Minimis Assets at locations which they intend to vacate on or before April 30, 2010 in accordance with the following procedures (the "De Minimis Asset Sale Procedures"):

- The Debtors shall file the De Minimis Sale Notice with the Court and provide three (3) days' written notice (by facsimile or email) (the "Notice Period") of their intent to sell De Minimis Assets with estimated book value(s) not to exceed $50,000 in the aggregate for all De Minimis transactions per store location (each, a "De Minimis Sale Notice") to counsel for each of (a) Wells Fargo Capital Finance, Inc.; (b) the Office of the United States Trustee; (c) the Debtors' thirty (30) largest unsecured creditors until such time as an the Official Committee of Unsecured Creditors (the "Committee") is appointed, and thereafter the Committee; (d) the landlords for any locations at which the sale of the De Minimis Assets is proposed to take place; and (e) any entity known by the Debtors to be asserting a security interest in the De Minimis Assets proposed to be sold (collectively, the "Notice Parties").

- The De Minimis Sale Notice shall identify the location of the De Minimis Assets and generally describe the De Minimis Assets proposed to be sold, the estimated book value of such assets as reflected in the Debtors' books and records, and whether there are any entities known by the Debtors to be asserting a security interest in the assets. In the event that a Notice Party serves a written objection on counsel to the Debtors before the expiration of the Notice Period, the Debtors shall not proceed with the proposed sale transaction except pursuant to Court approval, unless the objection is otherwise resolved among the parties. In the absence of any such objection, the Debtors are authorized to consummate the proposed sale of De Minimis Assets without further order of this Court; and it is further

RLF1 3563244v.1

ORDERED that sales to "insiders," as that term is defined in section 101 of the Bankruptcy Code, are not authorized by this order, as sales to "insiders" are beyond the scope of this order; and it is further

ORDERED that the Debtor shall use commercially reasonable efforts to market all De Minimis Assets proposed to be sold in an effort to maximize the value received therefor; and it is further

ORDERED that the sale of De Minimis Assets shall be deemed good faith, arm's-length transactions entitled to the protections of section 363(m) of the Bankruptcy Code; and it is further

ORDERED that the Debtor may sell De Minimis Assets free and clear of all liens, claims, interests, and encumbrances (collectively, "Liens") against the Debtor, its estate or the De Minimis Assets, because, in each case, one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Holders of Liens against De Minimis Assets are adequately protected by having their Liens attach to the cash proceeds attributable to the De Minimis Assets in which such creditor alleges an interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the sale, subject to any claims and defenses the Debtor may possess with respect thereto. Those holders of Liens who did not object, or who withdrew their objections, to the sale of De Minimis Assets are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code; and it is further

ORDERED that nothing herein authorizes the Debtors to sell property which they do not own; and it is further

3

ORDERED that a final hearing to consider whether the relief requested in the Motion should apply to store locations which the Debtors intend to vacate after April 30, 2010 shall be heard on May 17, 2010 at 9:00 a.m. in Courtroom # 1, Sixth Floor, 824 Market Street, Wilmington, Delaware; and it is further

ORDERED that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this order; and it is further

ORDERED that Bankruptcy Rule 6003(b) has been satisfied; and it is further

ORDERED that consistent with the provisions of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Debtors are authorized to take such actions as are necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: April 23, 2010
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE