UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| MAGIC BRANDS, LLC, *et al.*, | : | Case No. 10-11310 (BLS) |
| Debtors. | : | (Jointly Administered) |
|  | : | Re: Docket No. 21 |

## ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, (II) APPROVING CERTAIN BIDDING PROTECTIONS, (III) APPROVING THE FORM AND MANNER OF NOTICE OF THE SALE AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (IV) SCHEDULING AN AUCTION AND SALE HEARING

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking, pursuant to sections 105, 363, 365 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 2002, 6004, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), orders (I) approving bidding procedures for the sale of assets free and clear of all liens, claims, interests and encumbrances pursuant to section 363 of the Bankruptcy Code, (II) approving certain bidding protections, (III) approving the form and manner of notice of the sale and assumption and assignment of executory contracts and unexpired leases, (IV) scheduling an auction and sale hearing and (V) approving such sale; and any objections to entry of an order approving the bidding procedures, the bidding protections and form and manner of notice of sale and scheduling an auction and sale hearing having been resolved, withdrawn or overruled; and it

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed such terms in the Motion.

appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. §157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other or further notice need be given; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest;

NOW THEREFORE IT IS HEREBY FOUND, CONCLUDED AND DETERMINED THAT:

A.  Notice of the hearing on the Bidding Procedures, the Motion and the Break-Up Fee and Expense Reimbursement (as defined herein) was provided to all necessary parties in interest and is otherwise adequate and appropriate in the circumstances.

B.  In the exercise of their business judgment, the Debtors have determined that the best method for maximizing the return to their creditors is, among other things, through a sale of substantially all of the Debtors' assets and the assumption and assignment of certain executory contracts and unexpired leases of the Company.

C.  In the exercise of their business judgment, the Debtors have agreed to sell certain of their assets as set forth in the Asset Purchase Agreement (the "Assets") to the Stalking Horse Bidder pursuant to the Asset Purchase Agreement, a copy of which is attached to the Motion, subject to higher and better offers.

D.  The Asset Purchase Agreement and its terms were negotiated by the Debtors and the Stalking Horse Bidder in good faith and at arm's length.

E.  The Debtors will maximize the sale price of the Assets by seeking competitive bidders and holding an auction sale thereof (the "Auction") in accordance with the Bidding Procedures attached hereto as Exhibit 1.

F. The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Assets and are in the best interests of the Debtors, their estates, creditors and other parties in interest.

G. The Debtors have demonstrated a compelling and sound business justification for the authorization to pay the Break-Up Fee and Expense Reimbursement (as defined herein).

H. The Debtors' granting of the Break-Up Fee and Expense Reimbursement to the Stalking Horse Bidder is (i) an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of section 503(b) of the Bankruptcy Code, (ii) of substantial benefit to the Debtors' estates, and (iii) fair, reasonable and appropriate in light of, among other things, (a) the size and nature of the proposed sale of the Assets, (b) the substantial efforts that have been expended by the Stalking Horse Bidder and (c) the benefits the Stalking Horse Bidder has provided to the Debtors' estates and creditors and all parties-in-interest herein.

I. All other findings made by the Court during the Sale Procedures Hearing are incorporated herein by reference.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The Bidding Procedures attached hereto as Exhibit 1 are hereby approved, and the terms of the Bidding Procedures are incorporated by reference as if fully set forth herein. The Debtors are hereby authorized to obtain the highest and best bids for all of their assets, including the Assets, in accordance with the Bidding Procedures. The failure to specifically include or reference any particular provision, section or article of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such Bidding Procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

2. The Sale Notice substantially in the form attached hereto as Exhibit 2, is hereby

approved. The Debtors shall serve, by first-class mail within three (3) business days after the entry of this Order, a copy of this Order, the Motion and the Sale Notice on (a) the United States Trustee; (b) counsel to Wells Fargo Capital Finance, Inc. (the "Prepetition Agent"); (c) counsel to the Official Committee of Unsecured Creditors (the "Committee"); (d) all other parties on the Master Service List established in these cases; (e) those government agencies required to receive notice of proceedings under the Bankruptcy Rules; (f) all counterparties to the executory contracts and unexpired leases; (g) all parties who are known to the Debtors to have liens on their assets; (h) all federal, state and local tax and environmental authorities applicable to the Debtors and their assets and properties; and (i) all parties who provided written indications of interest or signed confidentiality agreements prior to the commencement of these chapter 11 case. Such service is hereby deemed to be sufficient notice of the sale of the Debtors' assets under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. A notice of the Sale shall also be published in THE WALL STREET JOURNAL, National Edition.

3. Any person seeking to submit a Competing Offer (as defined in the Bidding Procedures) for some or all of the Debtors' assets shall comply with the Bidding Procedures and shall submit such Competing Offer by facsimile and email to (i) Goulston & Storrs, P.C., 400 Atlantic Avenue, Boston, Massachusetts 02110 (Attn: Douglas B. Rosner, Esq. (drosner@goulstonstorrs.com; fax: (617) 574-7627) and Christine D. Lynch, Esq. (clynch@goulstonstorrs.com); fax: (617) 574-7540)); (ii) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq. (defranceschi@rlf.com); fax: (302) 498-7816)), (iii) FocalPoint Securities, LLC, 11150 Santa Monica Blvd., Suite 1550, Los Angeles, California 90025 (Attn: Alexander W. Stevenson (astevenson@focalpointllc.com; fax: (310) 405-7077)); (iv) counsel to the Committee, Kelley

Drye & Warren LLP, 101 Park Avenue, New York, NY 10178 (Attn: James S. Carr, Esq.)(jcarr@kelleydrye.com; fax: (212) 808-7897)) and Klehr Harrison Harvey Branzburg LLP, 919 Market Street, Suite 1000, Wilmington, DE 19801 (Attn: Domenic E. Pacitti, Esq.)(dpacitti@klehr.com; fax: (302) 426-9193)); and (v) counsel to the Prepetition Agent, Paul, Hastings, Janofsky & Walker LLP, 600 Peachtree Street, N.E., Twenty-Fourth Floor, Atlanta, GA 30308 (Attn: Jesse H. Austin, III, Esq. (jessaustin@paulhastings.com; fax: (404) 685-5208)) and Duane Morris LLP, 1100 North Market Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Richard W. Riley, Esq. (RWRiley@duanemorris.com; fax: (302) 397-0801)) (collectively, the "Notice Parties") no later than 4:00 p.m. (prevailing Eastern Time), on June 14, 2010 (the "Bid Deadline").

4. If a Qualified Bid (as defined in the Bidding Procedures) is received by the Debtors, the Auction will be conducted on June 17, 2010, at 10:00 a.m. (prevailing Eastern Time) at Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801. If no Qualified Bids other than the bid by the Stalking Horse Bidder are received prior to the Bid Deadline, then, at the discretion of the Debtors in consultation with the Committee, the Auction may be cancelled. The Stalking Horse Bidder is deemed to be a Qualified Bidder (as defined in the Bidding Procedures).

5. Each Qualified Bidder participating in the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

6. A hearing to consider approval of the results of the Auction, or, if no Auction is held, the sale of the Assets to the Stalking Horse Bidder (the "Sale Hearing") will be held in the United States Bankruptcy Court for the District of Delaware, Courtroom 1, Sixth Floor, 824 North Market Street, 3rd Floor, Wilmington, Delaware (the "Court") on June 22, 2010 at 9:30

5

a.m. (prevailing Eastern Time). In the event there are no other Qualifying Bids, the Debtors shall accept the Stalking Horse Bidder's bid pursuant to the Asset Purchase Agreement.

7. Section 7.4 of the Asset Purchase Agreement is hereby modified to provide that if (a) the Court approves a Competing Transaction (as defined in the Asset Purchase Agreement) and (b) the Debtors consummate such Competing Transaction, then the Debtors shall pay to the Stalking Horse Bidder $400,000 as a combined break-up fee and expense reimbursement (the "Break-up Fee and Expense Reimbursement"), provided that the Stalking Horse Bidder is not then in default under the Asset Purchase Agreement. If applicable, the Debtors shall pay the Break-Up Fee and Expense Reimbursement to the Stalking Horse Bidder immediately upon the consummation of the Competing Transaction.

8. Except as otherwise provided herein, any objection to the Motion shall be filed with the Court and served upon the Notice Parties, counsel to the Stalking Horse Bidder, Michelson Law Group, 150 Spear Street, Suite 1600, San Francisco, CA 941058 (Attn: Randy Michelson, Esq.) and DLA Piper LLC (US), 204 North LaSalle Street, Suite 1900, Chicago, IL 60601 (Attn: Richard J. Morey, Esq.), and the Office of the United States Trustee for the District of Delaware so as to be received not later than 4:00 p.m. (prevailing Eastern Time), on June 14, 2010 (the "Objection Deadline"). An objection shall set forth with particularity the grounds for such objection or other statements of position.

9. The Assumption and Assignment Notice substantially in the form attached hereto as Exhibit 3, is hereby approved.

10. As soon as practicable after entry of this Order, but no later than May 21, 2010, the Debtors shall file a schedule of cure obligations (the "Cure Schedule") for all of their executory contracts and unexpired leases, which will include a description of the executory

contracts and unexpired leases and set forth the cure cost (the "Cure Cost") the Debtors believe is owed under each such executory contract and unexpired lease. The Debtors will serve the Assumption and Assignment Notice, together with the Cure Schedule, on each of the non-debtor parties listed on the Cure Schedule on the date that the Cure Schedule is filed with the Court.

11. Information concerning the Stalking Horse Bidder's ability to comply with the requirements of adequate assurance of future performance under section 365(f)(2)(B) of the Bankruptcy Code will be provided to the non-debtor parties to the executory contracts and unexpired leases upon execution of a mutually acceptable confidentiality agreement, a form of which will be provided to the non-debtor parties or their counsel as soon as practicable after entry of this Order upon written request (including email requests) to counsel to the Debtors. In the event that the Auction results in a Successful Bidder other than the Stalking Horse Bidder, information concerning the Successful Bidder's ability to comply with the requirements of adequate assurance of future performance under section 365(f)(2)(B) of the Bankruptcy Code shall be provided to the non-debtor parties to the executory contracts and unexpired leases no later than one day after conclusion of the Auction, provided that such non-debtor party has executed a mutually acceptable confidentiality agreement.

12. Any objection to the assumption and assignment of an executory contract or unexpired lease (including, but not limited to, any objection relating to adequate assurance of future performance or to the Cure Costs set forth on the Cure Schedule) shall be filed with the Court not later than the Objection Deadline and served on the Notice Parties, counsel to the Stalking Horse Bidder, Michelson Law Group, 150 Spear Street, Suite 1600, San Francisco, CA 941058 (Attn: Randy Michelson, Esq.) and DLA Piper LLC (US), 204 North LaSalle Street, Suite 1900, Chicago, IL 60601 (Attn: Richard J. Morey, Esq.), and the Office of the United

States Trustee for the District of Delaware so as to be actually received no later than the Objection Deadline; provided, however, that in the event that the Auction results in a Successful Bidder other than the Stalking Horse Bidder, objections to the assignment of the executory contracts or unexpired leases to such Successful Bidder on the basis of adequate assurance of future performance only shall be filed with the Court and served on the Notice Parties so as to be actually received no later than June 21, 2010 at 4:00 p.m. (prevailing Eastern Time).

13. An objection shall set forth with particularity the grounds for such objection or other statements of position, including, if applicable, the cure cost the objector asserts to be due, any pecuniary losses and the specific types and dates of alleged defaults.

14. If a non-debtor party to an executory contract or unexpired lease fails to object to the Assumption and Assignment Notice in a timely manner and timely serve such objection, such party shall be forever barred from (i) contesting the assumption and assignment of such executory contract or unexpired lease, (ii) asserting or claiming against the Debtors or the Successful Bidder that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such executory contract or unexpired lease, or that there is any objection or defense to the assumption and assignment thereof, and (iii) disputing or otherwise asserting any cure cost other than as set forth in the Cure Notice, and the payment of the Cure Cost set forth in the Cure Notice shall be deemed to satisfy fully and completely the requirements of cure and compensation requisite to the Company's assumption and assignment of such executory contract or unexpired lease.

15. If a non-debtor party to an executory contract or unexpired lease files an objection to the proposed assumption and assignment, including an objection disputing the proposed Cure Cost, then to the extent that the parties are unable to consensually resolve the objection prior to

8

RLF1 3571231v.2

the Sale Hearing, such objection will be determined at the Sale Hearing.

16. This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

17. This Order shall constitute findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

18. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: May 18, 2010
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

RLF1 3571231v.2