## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DEEL, LLC, et al.,[1] | ) | Case No. 10-11310 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: 3/21/10 at 10:00 a.m. (ET)** |
| | ) | **Objection Deadline: 3/14/10 at 4:00 p.m. (ET)** |
| | ) | |
| | ) | **Related Docket Nos. 1157, 1162** |
| | ) | |

## OBJECTION OF BROSNA INTERNATIONAL, LLC TO AMENDED DISCLOSURE STATEMENT FOR THE DEBTORS' CHAPTER 11 PLAN OF LIQUIDATION

Brosna International, LLC (f/k/a Fuddruckers International, LLC) ("BI"), through

its undersigned counsel, hereby objects (the "Objection") to the above-captioned debtors' (the

"Debtors") Amended Disclosure Statement (Docket No. 1157) (the "Disclosure Statement") for

the Debtors' Chapter 11 Plan of Liquidation (Docket No. 1082) (the "Plan"), and in support

hereof, respectfully states as follows:

### BACKGROUND

1.      On April 21, 2010 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under Chapter 11 of Title 11 of the United States Code (11 U.S.C. § 101 *et.*

*seq.* as amended, the "Bankruptcy Code").  The Debtors' chapter 11 cases (the "Chapter 11

Cases") are being jointly administered for procedural purposes only.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Deel, LLC (f/k/a Magic Brands, LLC) (8989); Brosna, Inc. (f/k/a Fuddruckers, Inc.) (8267); Atlantic Restaurant Ventures, Inc. (9769); King Cannon, Inc. (8671); and KCI, LLC (9281).

2. The Debtors continue to operate as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. On May 3, 2010, an Official Committee of Unsecured Creditors (the "Committee") was appointed. The members of the Committee are: (i) Pepsi-Cola North America, (ii) U.S. Foodservices, Inc., (iii) Marcelo and Berna Montalvan, (iv) White Marsh General Partnership, and (v) P & D Realty Company LLC.

4. On August 19, 2010, BI filed proofs of claim against three of the Debtor entities: (i) Brosna, Inc., (ii) Deel, LLC, and (iii) KCI, LLC. Each of the Debtors against which BI holds claims is a direct or indirect subsidiary of BI.

5. On February 11, 2011, the Debtors filed the Disclosure Statement and a motion to approve the Disclosure Statement (Docket No. 1162) (the "Disclosure Statement Motion"). The Disclosure Statement Motion hearing date has been set for March 21, 2011 (the "Disclosure Statement Hearing").

## OBJECTION

6. The Disclosure Statement cannot be approved because it does not contain "adequate information" as required by § 1125 of the Bankruptcy Code.

7. The primary purpose of a disclosure statement is to provide information that is reasonably sufficient to permit an "informed judgment" by those entitled to vote on the plan. *See Century Glove, Inc. v. First Am. Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988) (" … § 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote.").

8. The Plan contemplates substantive consolidation of the Debtors' estates. (Plan, ¶ 7.1). Notwithstanding the potential material consequences of the proposed substantive consolidation for creditors of each particular Debtor's estate, and for creditors with claims against multiple Debtors, the Disclosure Statement does not disclose with any particularity the

#13988972 v2

basis for consolidation, the process by which this aspect of the Plan was negotiated, or the effect of such action on projected recoveries by holders of unsecured claims against each Debtor's estate.

9.      The Disclosure Statement merely lists the standard for substantive consolidation and states that it is appropriate for the "equitable treatment of creditors."  (Disclosure Statement, p. 25).  However, parroting the standard for substantive consolidation and providing conclusory statements are not nearly sufficient to allow a creditor to make an "informed judgment."

10.      The Disclosure Statement does not provide adequate information pertaining to claims against each particular Debtor, or regarding claims among the various Debtors.  The Debtors state that "… there exist accrued intercompany payables and receivables between the Debtors …."  Rather than provide any information regarding such intercompany claims, the Debtors simply state that an accounting of such claims would be expensive and unreliable.  This cursory explanation falls well short of "adequate information," and the Debtors' bald assertions that the claims are not worth disclosing do not permit parties-in-interest to formulate an informed judgment regarding substantive consolidation.

11.      A proper allocation of liabilities and assets among the Debtors' estates may have a significant affect on the expected distribution to creditors of each respective estate.  Despite the likelihood of substantive consolidation effecting a material change to expected distributions to unsecured creditors of particular Debtors, though, no detailed analysis of this issue is provided in the Disclosure Statement.

12.      Moreover, the Disclosure Statement does not disclose how the unique interest of each particular Debtor's estate was represented in negotiations among the Debtors, and between the Debtors and the Committee, related to substantive consolidation.  Upon information and

belief, members of the Committee hold claims against less than all of the Debtors. Consequently, the assertion that substantive consolidation provides equitable treatment of all creditors in these Chapter 11 Cases may not have been tested by negotiations among creditor representatives with a stake in the outcome with regard to a particular Debtor's estate. Parties-in-interest cannot make an informed decision on whether substantive consolidation is appropriate without further disclosures regarding the negotiation process and participants.

13.     The Disclosure Statement should not be approved absent revision to provide sufficient information regarding the assets and liabilities of each Debtor's estate for creditors of each Debtors' estate to make an informed decision regarding the propriety and consequences of substantive consolidation. BI reserves all rights to object to the Disclosure Statement on any further basis.

WHEREFORE, BI respectfully requests that the Court deny approval of the Disclosure Statement absent modification to address the deficiencies noted herein.

Dated: March 14, 2011
        Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP


 /s/  John H. Schanne II
David M. Fournier (DE No. 2812)
John H. Schanne, II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
Tel:     (302) 777-6500
Fax:     (302) 421-8390

*Attorneys for Brosna International, LLC*
*(f/k/a Fuddruckers International, LLC)*

#13988972 v2