## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| DEEL, LLC, *et al.*, | Case No. 10-11310 (BLS) |
| Debtors.[1] | (Jointly Administered) |
|  | **(Requested) Hearing Date: June 2, 2011 at 9:30 a.m.** |
|  | **(Requested) Obj. Deadline: May 31, 2011 at 4:00 p.m.** |

### JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 9019(a) FOR AN ORDER APPROVING STIPULATION WITH BROSNA INTERNATIONAL, LLC

Deel, LLC ("Deel") and its affiliated debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases, by and through their undersigned counsel, hereby respectfully submit this motion (the "Motion"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule. 9019(a), for entry of an order approving the terms of a stipulation (the "Stipulation") among the Debtors, the Committee and Brosna International, LLC ("International" and, collectively with the Debtors and the Committee, the "Parties"). A copy of the Stipulation is attached hereto as Exhibit A.[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Deel, LLC (f/k/a Magic Brands, LLC) (8989) ("Magic Brands"); Brosna, Inc. (f/k/a Fuddruckers, Inc.) (8267) ("Fuddruckers"), Atlantic Restaurant Ventures, Inc. (9769) ("ARVI"), King Cannon, Inc. (8671) ("King Cannon"), and KCI, LLC (9281) ("KCI"). The address for all of the Debtors is 5307 W. Highway 290, Building B, Suite 11, Austin, Texas 78735.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Stipulation.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a).

## BACKGROUND

2. On April 21, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On May 3, 2010, the United States Trustee appointed U.S. Foodservice, Inc., Pepsi-Cola North America, White Marsh General Partnership, P & D Realty Company LLC, and Marcelo and Berna Montalvan to the Committee.[3] On the same date, the Committee selected Kelley Drye & Warren LLP to serve as lead counsel to the Committee. The Committee also retained Klehr Harrison Harvey Branzburg LLP as its Delaware counsel.

4. International directly and indirectly owns 100% of the stock and membership interests of the Debtors.

5. On July 14, 2010, the Court entered the *Order Establishing Deadlines For Filing Proofs Of Claim And Approving The Form And Manner Of Notice Thereof* establishing August 19, 2010 as the last date to file proofs of claim.[4]

---

[3] Docket Entry No. 145.

[4] Docket Entry No. 559. Because certain potential creditors were not served with the bar date order, on September 1, 2010, the Court entered a second order [Docket Entry No. 778] establishing October 4, 2010 as the deadline for such parties to file proofs of claim.

2

6.     On or about August 19, 2010, International filed the following three separate proofs of claim asserting general unsecured claims against the Debtors in the amounts indicated (collectively, the "International Claims"):

- Claim No. 677 against KCI in the amount of $7.5 million;

- Claim No. 678 against Fuddruckers in the amount of $10,710,602.83; and

- Claim No. 679 against Magic Brands in the amount of $10,710,602.83.

7.     The International Claims generally assert that the Debtors are indebted to International based upon the following (i) a $3.05 million note executed by Magic Brands and Fuddruckers on December 1, 2006; and (ii) $7.5 million of undocumented loans to KCI, Magic Brands and Fuddruckers.

8.     On March 21, 2011, the Court entered an Order[5] granting the Committee's motion[6] for approval of a stipulation between the Debtors and the Committee granting the Committee standing to, among other things, prosecute certain actions against International and Michael Cannon on behalf of the Debtors' estates and object to the claims filed by International and Michael Cannon.

9.     On March 25, 2011, the Debtors filed the *Debtors' Amended Consolidated Chapter 11 Plan of Liquidation* (as may be further amended, the "Plan").[7] A hearing to consider confirmation of the Plan is currently scheduled for June 9, 2011 at 9:00 a.m. and objections to confirmation must be received by May 23, 2011 at 4:00 p.m. unless such deadline is extended.

---

[5]     Docket Entry No. 1294.

[6]     Docket Entry No. 1223.

[7]     Docket Entry No. 1315.

10.     On March 29, 2011, the Committee filed an *Objection Of The Official Committee Of Unsecured Creditors To Proofs of Claim 677, 678 And 679 Filed By Brosna International, LLC* (the "Objection") seeking to disallow, reduce and/or recharacterize the International Claims as equity contributions.[8]

11.     On April 11, 2011, International sought to have the International Claims allowed for voting purposes by *Brosna International, LLC's Motion To Temporarily Allow Claims For Voting Purposes Pursuant To Bankruptcy Rule 3018* (the "3018 Motion").[9]

12.     On April 15, 2011, International responded to the Objection in the *Response Of Brosna International, LLC To Objection Of The Official Committee Of Unsecured Creditors To Proofs Of Claim 677, 678 And 679 Filed By Brosna International, LLC* (the "Response").[10]

## PROPOSED COMPROMISE

13.     In an effort to avoid the cost and time associated with expensive, protracted litigation regarding the International Claims, the Objection, the Response and the 3018 Motion, the Parties engaged in extensive, arm's-length and good faith negotiations. After several months, the Parties ultimately reached a resolution, which is memorialized in the Stipulation, which will resolve the International Claims. The principal terms of the Stipulation are as follows:[11]

---

[8]     Docket Entry No. 1323.

[9]     Docket Entry No. 1353.

[10]     Docket Entry No. 1379.

[11]     This overview is only a summary of the Stipulation and is qualified in its entirety by reference to the provisions of the Stipulation. In the event of any inconsistency between the terms of this overview and the terms of the Stipulation, the Stipulation shall govern in all respects.

4

- Claim Allowance – Claim No. 678 shall be reduced and allowed as a general unsecured claim against Fuddruckers in the amount of $2,550,000. Claim Nos. 677 and 679 against KCI and Magic Brands shall be disallowed and expunged.

- Mutual Releases – The Stipulation includes mutual releases by and between the Parties, including: (i) a release of International from any claims that the Estate Releasing Parties may have against International as of the date of the Stipulation; and (ii) a release by International of the Estate Releasing Parties from any claims that International may have as of the date of the Stipulation.

- Derivative Releases – In addition to the mutual releases, the Estate Releasing Parties also agree to release from any claims relating to the International Claims: (i) each of International's present and former members, managers, officers, directors, employees, agents, attorneys, lenders, representatives, heirs, executors, successors and assigns, but solely in their capacity as such; and (ii) all present and former members, managers, officers and directors of the Debtors. International also agrees to release any claims against Pepsi-Cola Fountain Company, Inc.

- Conditions Precedent – The Stipulation is conditioned upon: (i) the Committee completing due diligence regarding any potential chapter 5 avoidance actions against International by May 31, 2011; (ii) entry of an order before June 3, 2011 approving the Stipulation, (iii) entry of an order approving the Cannon Stipulation[12] before June 3, 2011; (iv); entry of an order confirming the Plan; and (v) entry of an order approving the Pepsi Release.[13]

14.     In light of the potential cost and delay that would likely be associated with litigating the issues asserted by the Committee in the Objection and the risk to general unsecured creditors that the International Claims could be allowed by this Court in full, the Debtors and the Committee determined that the proposed Stipulation is in the best interest of the Debtors' estates and their creditors.

**RELIEF REQUESTED**

15.     By this Motion, the Debtors and the Committee jointly seek entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a), approving the Stipulation (including, without limitation, the releases set forth therein) and

---

[12]     A motion to approve the Cannon Stipulation is being filed contemporaneously herewith.

[13]     The Court has already entered an order approving the Debtors' stipulation resolving the claims of Pepsi-Cola Fountain Company, Inc. *See* Docket Entry No. 1441.

authorizing the Debtors and the Committee to enter into and implement the Stipulation in accordance with the terms thereof.

## BASIS FOR RELIEF REQUESTED

16.     Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement"[14] Bankruptcy Rule 9019(a) "empowers the Bankruptcy Court to approve compromises and settlements if they are in the best interests of the estate."[15] Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy."[16]

17.     In determining whether to approve a proposed settlement pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate.[17] "The settlement need not be the best that the debtor could have retained. Rather, "the settlement must fall within the reasonable range of litigation possibilities."[18] The decision to accept or reject a compromise is within the sound discretion of the bankruptcy court.[19] A bankruptcy court need not decide the numerous issues of

---

[14]    Fed. Bankr. R. 9019(a).

[15]    *In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's Inc.*, 211 B.R. 798, 801 (D. Del. 1997); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr.. S.D.N.Y. 1991).

[16]    *In re Key3Media Group, Inc.*, 336 B.R. 87, 93 (Bankr.. D. Del. 2005) (internal quotations omitted); *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (settlement and compromise are "a normal part of the process of reorganization"); *In re Culmtech, Ltd., 118* B.R, 237, 238 (Bankr.. M.D. Pa. 1990) (observing that "compromises are favored in bankruptcy and ... much of litigation in bankruptcy estates results in settlements").

[17]    *TMT Trailer*, 390 U.S. at 424.

[18]    *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr.. S.D.N.Y. 2005) (quoting *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979)).

[19]    *Drexel*, 134 B.R. at 505.

law and fact raised by the settlement but rather should "canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness."[20]

18.     Bankruptcy courts in the Third Circuit have applied the following factors in determining whether a proposed settlement is fair, reasonable, and in the best interest of the estate: (a) the probability of success in litigation; (b) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; (c) the likely difficulties in collection; and (d) all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise, including the paramount interests of the creditors.[21] Consideration of these factors requires the Court to make an objective, informed comparison of the results of litigation versus the benefits of compromise.[22]

19.     The Debtors and the Committee respectfully submit that consideration of the relevant factors set forth above indicate that the settlement embodied in the Stipulation is more than fair and equitable, falls within the range of reasonableness, is in the best interests of the Debtors' estates and creditors, and should be approved.

20.     Whether a settlement was the result of arm's-length bargaining and not the result of fraud or collusion may also be a factor weighed by a court in determining whether to approve a proposed settlement.[23]  Here, the Stipulation was proposed, negotiated, and entered into by the Parties with the assistance of competent counsel, without collusion, in good faith, and from arm's-length bargaining positions.  The Parties and their counsel spent substantial time

---

[20]     *In re WT. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (internal quotations omitted); *see also In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993) ("the court need not conduct a mini-trial to determine the merits of the underlying litigation"); *In re Nashiminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

[21]     *See In re TSIC, Inc.*, 393 B.R. 71, 78-79 (Bankr, D. Del. 2008) (citing *In re Nutraquest, Inc.*, 434 FJd 639, 644 (3d Cir. 2006)).

[22]     *See TMT Trailer, 390* U.S. at 424.

researching, analyzing, and briefing the merits of the International Claims. After an extensive analysis of the legal and factual issues that would be involved in resolving these disputes, the Parties concluded that it would be beneficial to explore settlement and ultimately in the best interests of the Debtors' estates to enter into the Stipulation. In light of these facts, it is clear that the Stipulation was the result of truly arm's-length negotiations.

21.     The Stipulation should also be approved as fair, reasonable and in the best interests of the Debtors' estates. The Stipulation resolves several of the largest outstanding claims against the Debtors, substantially reduces the International Claims and resolves any potential objections that International may have asserted in connection with confirmation of the Plan. The Stipulation embodies an assessment by the Parties of the merits and risks attendant to a number of complex issues raised in connection with the International Claims. Absent resolution of these issues, the Parties face the prospect of protracted litigation, with its attendant delay, distraction, and expense. In light of these facts, the Debtors and the Committee believe that they have sound business justification for entering into the Stipulation and that it serves the paramount interests of the Debtors' estates and creditors.

## NOTICE

22.     Notice of the Motion shall be served upon (i) counsel to the Parties; (ii) the Office of the United States Trustee for the District of Delaware; and (iii) all parties entitled to receive notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors and the Committee submit that no further notice is required.

---

[23]     *See In re Best Products Co.,* 168 B.R. 35, 50 (Bankr, S.D.N.Y. 1994).

WHEREFORE, the Debtors and the Committee respectfully requests the court

enter an Order substantially in the form attached hereto as <u>Exhibit B</u>, approving the Stipulation

and granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       May 25, 2011

RICHARDS, LAYTON & FINGER, P.A.

By: _/s/ Daniel DeFranceschi_
    Daniel DeFranceschi (DE Bar. No. 2732)
    Drew G. Sloan (DE Bar. No. 5069)
    Julie A. Finocchiaro (DE Bar. No. 5303)
    920 North King Street
    Wilmington, Delaware 19801
    Tel: (302) 651-7700
    Fax: (302) 651-7701

    -and-

    GOULSTON & STORRS, P.C.
    Douglas B. Rosner, Esq.
    Christine D. Lynch, Esq.
    Vanessa V. Peck, Esq.
    400 Atlantic Avenue
    Boston, Massachusetts 02110-3333
    Tel: (617) 482-1776
    Fax: (617) 574-4112

    _Counsel For Debtors and_
    _Debtors in Possession_

KLEHR HARRISON HARVEY
BRANZBURG LLP

By: _/s/ Domenic E. Pacitti_
    Domenic E. Pacitti (DE Bar No. 3989)
    Margaret M. Manning (DE Bar No. 4183)
    919 Market Street
    Suite 1000
    Wilmington, Delaware 19801-3062
    Tel: (302) 426-1189
    Fax: (302) 426-9193

    -and-

    KELLEY DRYE & WARREN LLP
    James S. Carr (N.Y. Bar No. JC-1603)
    Eric R. Wilson (N.Y. Bar No. EW-4320)
    Dana P. Kane (N.Y. Bar No. DK-3909)
    101 Park Avenue
    New York, New York  10178
    Tel: (212) 808-7800
    Fax: (212) 808-7897

    _Counsel to the Official Committee_
    _of Unsecured Creditors_

9